**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **GANESS & VENA MAHARAJ** | ) | **Case No. 09-15777-SSM** |
| | ) | **Chapter 11** |
| **Debtors** | ) | |
| | ) | |
| | ) | |

**CHAPTER 11 PLAN OF REORGANIZATION**

**December 14,  2010**

Ann E. Schmitt
Culbert & Schmitt, PLLC
30C Catoctin Circle, SE
Leesburg, VA 20175
(703) 737-6377

Attorney for the Debtors-in-Possession

Ganess Maharaj, also known as Dave Maharaj, and Vena Maharaj, debtors and debtors-in-possession in the above captioned chapter 11 case, hereby propose this chapter 11 Plan to be confirmed by the United States Bankruptcy Court for the Eastern District of Virginia (Alexandria Division) pursuant to Section 1129 of Title 11 of the United States Code, 11 U.S.C. §101 et. seq.

## ARTICLE I
## DEFINITIONS

As used in the Plan, the following terms have the respective meanings specified below (such meanings to be equally applicable to both the singular and plural, and masculine and feminine forms of the terms defined):

*Access* means Access National Bank.

*Administrative Bar Date* means the date forty-five (45) days after the Confirmation Date.

*Administrative Claim* means a Claim for payment of costs or expenses of administration specified in Sections 503(b) and 507(a)(1) and (b) of the Bankruptcy Code, other than a Fee Claim.

*Allowed*  means a Claim, Administrative Claim, or Priority Tax Claim: (a)(i) proof of which has been timely filed with the Bankruptcy Court or has been deemed timely filed by a Final Order, or if no such proof is filed, which has been scheduled by the Debtors in the Schedules other than as a disputed, contingent or unliquidated, and (ii) as to which no party in interest has timely filed an objection, filed a motion to equitably subordinate, or otherwise sought to limit recovery within the time limits specified in this Plan or permitted by the Bankruptcy Court, or (b) which is allowed by a Final Order of the Bankruptcy Court.

*April 9, 2009 Note* means the promissory note dated April 9, 2009, in the original principal amount of $500,000,  payable to Access, as modified and amended, executed by D&V Properties, LLC and guaranteed by the Debtors and by D&V, Inc..

*Ballot* means the form transmitted to Creditors for voting to accept or reject the Plan in accordance with Section 1126 of the Bankruptcy Code.

*Bankruptcy Code* means Sections 101 *et seq.* of Title 11 of the United States Code, as now in effect or hereinafter amended.

*Bankruptcy Court* means the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division.

*Bankruptcy Rules* means the Federal Rules of Bankruptcy Procedure, as amended from time to time, and the local rules of the Bankruptcy Court, as applicable to the Chapter 11 Cases.

*Bar Date:* "Bar Date" means November 30, 2009 for all entities other than governmental entities, and January 19, 2010 for governmental entities.

*Borrowers* means the Debtors, D&V and DVP.

*Business Day* means any day other than Saturday, Sunday or a "legal holiday" as such term is defined in Bankruptcy Rule 9006(a).

*Cash* means cash and cash equivalents in lawful currency of the United States of America, including, but not limited to, bank deposits, checks, and other similar items.

*Causes of Action* means any and all claims, causes of action, demands, rights, actions, suits, damages, injuries, remedies, accounts, powers, privileges, licenses, and franchises of the Debtors of any kind or character whatsoever, known, unknown, accrued or to accrue, contingent or non-contingent, matured or unmatured, suspected or unsuspected, foreseen or unforeseen, whether arising before, on or after the Petition Date, in contract or in tort, in law or in equity, or under any other theory of law, whether asserted or assertable directly or derivatively in law or equity or otherwise by way of claim, counterclaim, cross-claim, third party action, action for indemnity or contribution or otherwise.

*Case* means this case (No. 09-15777-SSM) concerning the Debtors, which is being administered by the Bankruptcy Court under Chapter 11 of the Bankruptcy Code.

*Claim* means a claim against the Debtors, as such term is defined in Section 101(5) of the Bankruptcy Code.

*Class* means a Claim or a group of Claims as classified under the Plan.

*Commercial Property* means the real property and improvements thereon located at 23550 Overland Drive, Dulles, Virginia and owned by DVP.

*Confirmation Date* means the date on which the Clerk of the Bankruptcy Court enters the Confirmation Order on the Bankruptcy Court's docket.

*Confirmation Order* means the order of the Bankruptcy Court confirming the Plan pursuant to Section 1129 of the Bankruptcy Code.

*Creditor* means an entity that holds a Claim.

*C&S* means Culbert & Schmitt, PLLC, counsel for the Debtors.

*DB* means DB Structured Products or such other entity which filed or currently holds Claim Number 8 asserting a secured claim in the amount of $682,086.41.

*Debtors* means Ganess and Vena Maharaj.

*Debtors' Business* means D& V Property, LLC and D&V, Inc., the real estate holding company and corporation which operates D&V Autobody respectively.

*Disclosure Statement* means the Disclosure Statement respecting this Plan approved by the Bankruptcy Court pursuant to Section 1125 of the Bankruptcy Code.

*Disputed Claim* means a Claim (or any portion thereof) as to which: (a) an objection has been timely filed, and such objection has not been: (i) withdrawn, or (ii) overruled or denied in whole by a Final Order; (b) before the deadline for an objection to the Claim to be filed, the amount of the Claim specified in the applicable proof of Claim exceeds the amount of any corresponding Claim scheduled by the Debtors in their Schedules or such Claim is scheduled as disputed, contingent or unliquidated by the Debtors; (c) there is a dispute as to classification of the Claim; (d) there is a dispute as to the estimated amount of such Claim under Section 502(c) of the Bankruptcy Code; (e) the Claim is contingent or unliquidated; (f) the Claim is subject to dispute, contest, offset, setoff, recoupment, defense, or counterclaim asserted in an adversary action or contested matter under the Bankruptcy Court at the time of any Distribution pursuant to Section 502(d) of the Bankruptcy Code or otherwise applicable law; or (g) the Claim is not otherwise an Allowed Claim.

*Distribution* means the distribution of Cash in accordance with the Plan.

*Distribution Address* means the last known address of a Creditor whether derived from the Schedules, a proof of Claim filed with the Bankruptcy Court, a notice of transfer of Claim filed pursuant to Bankruptcy Rule 3001(e), or other written notification to the Debtors concerning where a Distribution under the Plan is to be sent.

*D&V* means D&V, Inc., also known as D&V Autobody.

*DVP* means D&V Properties, LLC, formerly known as Loudoun Accommodation Services, LLP.

*Effective Date* means the date when the Confirmation Order becomes a Final Order.

*Executory Contract* means any executory contract or unexpired lease within the meaning of Section 365 of the Bankruptcy Code in effect between the Debtors and another entity as of the Petition Date.

*Final Order* means an order or judgment, as entered on the docket of the applicable court, that has not been reversed, modified or amended, is not stayed and as to

3

which the time to appeal or to seek review or rehearing or petition for certiorari has expired without an appeal or application for review or rehearing or petition having been filed.

*Haymarket Property* means that real property with improvements previously owned by the Debtors and located at 15711 Hunton Lane, Haymarket, Virginia.

*Impaired* means any Class or any Claim in a Class, that is impaired within the meaning of Section 1124 of the Bankruptcy Code.

*Initial Distribution Date* means the date of the first distribution to classified Creditors under the Plan, which shall occur ninety (90) days after the Effective Date.

*Lien* means "lien" as defined in Section 101(37) of the Bankruptcy Code.

*Loan Agreement* means the June 5, 2006 Note, the April 9, 2009 Note, the deed of trust securing the June 5, 2006 Note, all guarantees, security agreements and any other documents relating to the June 5, 2006 Note and the April 9, 2009 Note.

*June 5, 2006 Note* means the promissory note dated June 5, 2006 payable to Access, in the original principal amount of $4,345,000, as modified and amended, executed by the Debtors and guaranteed by D&V and DVP.

*Maturity Date* means April 1, 2015, the date on which the June 5, 2006 Note and the April 9, 2009 Note become due and payable.

*Nationstar* means Nationstar Mortgage, As Servicer For U.S. Bank National Association, Not In Its Individual Capacity But Solely For The Holders Of Maiden Lane Asset Backed Securities I Trust 2008-1, or such other entity which filed or currently holds proof of claim number 4 based upon a promissory note dated March 29, 2007 in the original principal amount of $115,050.

*Plan* means this Plan under Chapter 11 of the Bankruptcy Code as the same may be altered, amended, or modified from time to time in accordance herewith (but after the Confirmation Date, such amendments or modifications being effective only if approved by order of the Bankruptcy Code.)

*Petition Date* means July 21, 2009.

*Poland Road Property* means Debtors' residence located at 25872 Poland Road, Chantilly, Virginia.

*Practical* means feasible under the circumstances, but no later than thirty (30) days after the specified date or action.

4

*Pre-petition* means an event, occurrence or other thing first arising prior to the Petition Date.

*Priority Tax Claim* means any Unsecured Claim to the extent entitled to priority in payment under Section 507(a)(8) of the Bankruptcy Code.

*Projected Disposable Income* shall have the meaning set forth in Section 1325(b)(2) of the Bankruptcy Code, and for purposes of this Plan, is $1,000 per month or such other amount as may be determined by the Court.

*Quarterly Fees* means the quarterly fees owed to the Office of the United States Trustee pursuant to 28 U.S.C. section 1930.

*Schedules* means the schedules, as may be amended from time to time, of assets and liabilities filed by the Debtors with the Bankruptcy Court in accordance with Sections 521 and 1106(a)(2) of the Bankruptcy Code

*Secured Claim* means any Claim to the extent such claim constitutes a secured Claim pursuant to Sections 506 or 1111(b) of the Bankruptcy Code.

*Unsecured Claim* means any Claim which is not secured by property of the Debtors and which is not entitled to priority under the Bankruptcy Code.

*Unsecured Claim of Access* means amounts due under the April 9, 2009 Note.

*Wells Fargo* means Wells Fargo Bank, N.A. and/or Wells Fargo Funding, Inc. or such other entity which holds the notes dated March 29, 2007 and filed Claim Number 7 in the amount of $115,174.04 and Claim Number 14 in the amount of $637,126.12.

*Wells Fargo, Trustee* means the holder of Claim Number 15 in the amount of $652,977.47 filed by EMC Mortgage Corporation, as Servicer for Wells Fargo Bank as Trustee for Certificate Holders of Bear Stearns Asset Backed Securities 1 LLC, Series 2007-AC5.

Any term in this Plan that is not defined herein, and that is used in the Bankruptcy Code, shall have the meaning assigned to such term in the Bankruptcy Code.

## ARTICLE II
## TREATMENT OF UNCLASSIFIED CLAIMS

2.01    *Administrative Claims.* Administrative Claims are unclassified under the Plan. Each holder of an Allowed Administrative Claim shall receive: (a) to the extent not already paid in full, payment in full in Cash, as soon as Practical after the later of the Effective Date and the date on which the Administrative Claim becomes an Allowed Administrative Claim; (b) to the extent such Claims are Administrative Claims of the United States Trustee for fees pursuant to 28 U.S.C. §1930(a)(6), payment in full in Cash

5

in accordance with the applicable schedule for payment of such fees; or (c) treatment on such other terms as may be mutually agreed upon in writing between the holder of such Allowed Administrative Claim and the Debtors; *provided, however,* that final payment of Allowed Administrative Claims approved by the Bankruptcy Court shall be paid at the time of and in accordance with such Bankruptcy Court approval.  The only anticipated Administrative Claims are the Quarterly Fees and fees and expenses incurred by Debtors' counsel, C&S.

2.02   *Administrative Claim Bar Dates.*  Requests for payment of Administrative Claims that have arisen or will arise in the period from the Petition Date through and including the Confirmation Date must be filed and served pursuant to the procedures set forth in the Confirmation Order no later than the Administrative Bar Date. *Any Entity that is required to but fails to file an Administrative Claim by the Administrative Bar Date shall be forever barred from asserting such Administrative Claim against the Debtors or the bankruptcy estate, and the holder thereof shall be enjoined from commencing or continuing any action, employment of process or act to collect, offset or recover such Administrative Claim.*

2.03   *Date for Payment to Holders of Administrative Claims.*  Holders of Administrative Claims shall be paid on the later of the Initial Distribution Date and the date on which such claim is Allowed.

### ARTICLE III
### CLASSIFICATION OF CLAIMS AND INTERESTS

For purposes of the Plan, Claims are classified as follows:

3.01   *Class 1* shall consist of the Secured Claim Access Bank in the approximate amount of $3,540,498, secured by a first priority deed of trust on the Poland Road Property.

3.02   *Class 2* shall consist of the Secured Claim of Acura Financial Services.

3.03   *Class 3* shall consist of the Claims of General Unsecured Creditors

3.04   *Class 4* shall consist of the Unsecured Claim of Access.

6

## ARTICLE IV
## TREATMENT OF CLASSES OF CLAIMS

Each Allowed Claim shall receive the treatment specified below for the applicable Class, in full settlement and satisfaction of all rights of the holder with respect to such Allowed Claim, *provided however,* that the holder of such Claim may agree in writing to receive less favorable treatment.

4.01   *Class 1 – Access Bank.*  Access Bank is Impaired, and shall retain its lien on the Poland Road Property and will be paid by D&V from the operations of Debtors' Business, pursuant to the terms of the June 5, 2006 Note, as modified and amended.  On or prior to the Maturity Date, Borrowers will refinance the June 5, 2006 Note and will pay this Claim in full.

4.02   *Class 2—Secured Claim of Acura Financial Services ("Acura").*  Acura will retain its lien and will be paid by Debtors' daughter, pursuant to the terms of its loan agreement.

4.03   *Class 3 —All General Unsecured Claims.*  Debtors will pay to the Class 3 Creditors their monthly Projected Disposable Income.  These funds will be held by counsel for  the Debtors and will be distributed on a pro-rata basis each quarter, commencing 90 days after the Effective Date.

4.04   *Class 4—Unsecured Claim of Access.*  Access will be paid will be paid by D&V pursuant to the terms of the April 9, 2009 Note, as modified and amended.  On or before the Maturity Date, Borrowers will refinance the April 9, 2009 Note and will pay this Claim in full.

4.05   Refinance of the Access Notes. The Access Notes mature on April 1, 2015, at which time the full amount of the Notes, anticipated to be $3,200,000 (June 5, 2006 Note) and $440,000 (April 9, 2009 Note) will become due.  On or prior to the Maturity Date, Borrowers will modify and amend, or refinance the Access Notes and in connection with any refinancing will grant a first deed of trust on the Poland Road Property and the Commercial Property as collateral for the refinancing.  If necessary, the Poland Road Property will be sold to reduce the amount of the Access debt so that a refinancing may be accomplished.

4.06   Claims held by DB, Nationstar, Wells Fargo and Wells Fargo, Trustee. Claims held by these creditors where secured by a second or third deed of trust on the Poland Road Property as of the Petition Date. The Poland Road Property has an appraised value of  $435,000, substantially below the amount due to Access under the first trust. Accordingly, there is no value in the Poland Road Property which secures the second and third trusts, and DB, Nationstar, Wells Fargo and Wells Fargo Trustee are classified as

7

Class 3 Creditors under this Plan.  The confirmation order will specifically provide that the liens (deeds of trust) which secured these claims shall be released.

4.07    <u>Acceleration of Payments</u>:    Debtors reserve the right to accelerate payments under this Plan.

4.08    <u>Classes Entitled to Vote</u>.  Creditors in all Classes are Impaired and are thus entitled to vote to accept or reject the Plan.

4.09    <u>Unclassified Claims.</u>    Unclassified Claims consist of Administrative Claims.  Holders of unclassified Claims will be paid in full on the later of the Initial Distribution Date or within 30 days of Allowance of their Claim (or such later date which is agreed to by the Debtors and the claimant).

## ARTICLE V
## TERM AND MEANS OF IMPLEMENTION OF THE PLAN

5.01    *Term of the Plan.*  The term of the Plan is five years from the Initial Distribution Date.

5.02    *Source of Payments Under the Plan.*  Payments will be made from distributions made by Debtors from Projected Disposable Income and if necessary, the sale of the Poland Road Property.

## ARTICLE VI
## ACCEPTANCE OR REJECTION OF THIS PLAN

6.01    *Classes of Claims Entitled to Vote; Presumed Acceptances by Unimpaired Classes*  Allowed Claims in all Classes are Impaired under this Plan.  Under Section 1126(a) of the Bankruptcy Code, holders of Impaired Allowed Claims may vote to accept or reject the Plan.

6.02    *Acceptance by Voting Classes of Claims.*  Each holder of an Impaired Allowed Claim will have accepted this Plan, if it votes to accept the Plan by: (a) appropriately marking the Ballot for the Class in which such Allowed Claim is placed under this Plan, and (b) timely returning such ballot as instructed on the face thereof.  Any Ballot, which is otherwise validly executed, but which does not clearly indicate acceptance or rejection of this Plan, shall be deemed to constitute a vote for acceptance of this Plan.  Any Ballot not executed in accordance with the filing instructions on the Ballot shall not be counted for voting purposes.

6.03    *Rejection of the Plan by Class 3 Creditors.*  In the event Class 3 rejects the Plan, Debtors intend to seek confirmation pursuant to 11 U.S.C. §1129(a)(15)(B), which provides that notwithstanding the rejection of the plan by a class of Unsecured Creditors, the court may confirm a plan if the value of the property to be distributed under the plan

8

is not less than the greater of (i) the amount Creditors would receive if the case were converted to Chapter 7 and (ii) the projected disposable income of the Debtors to be received during the five (5) year period beginning on the date of the first payment due under the plan.

## ARTICLE VII
## TREATMENT OF CLAIMS AND DISTRIBUTIONS UNDER THE PLAN

7.01    *Disputed Claims Reserve.*

A.    *Establishment of a Disputed Claims Reserve.*  If applicable, on or before the Initial Distribution Date, the Debtors shall establish a Disputed Claims Reserve, and Debtors shall deposit into the Disputed Claims Reserve Cash necessary to satisfy any Distributions under the Plan that would be made to holders of Disputed Claims, in the event such Claims were to become Allowed Claims.

B.    *Distributions Upon Allowance of Disputed Claims.*  With respect to any Disputed Claim that subsequently becomes an Allowed Claim pursuant to a Final Order, the Debtors shall pay such Allowed Claim its Distribution from the Disputed Claims Reserve, such that it will receive the same distribution it would have received if the Claim had been allowed on the Effective Date.  Payment shall be made within thirty (30) days of entry of the order allowing such Claim.

C.    *Miscellaneous Distribution Provisions.*

(i)    *Unclaimed Property.*  If a Distribution under the Plan remains unclaimed (or a Distribution check is not cashed) for 120 days following the date of such Distribution, then the holder of the applicable Allowed Claim shall cease to be entitled to such Distribution, and such Distribution shall be returned to Debtors for distribution to Class 4 Creditors as provided under the terms of the Plan.

(ii)    *Method of Cash Distributions.*  Any Cash Distribution to be made pursuant to the Plan will be made by check.

(iii)    *Disbursement Agent.*  Debtors' counsel, Culbert & Schmitt, PLLC shall act as disbursement agent under the plan, and shall collect payments from the Debtors and distribute them to Creditors pursuant to the terms of this Plan.

(iv)    *Objections to Claims.*  Except as otherwise set forth in this Plan and unless otherwise ordered by the Bankruptcy Code, all objections to Claims shall be filed with the Bankruptcy Court and served on the applicable claimant on or prior to sixty (60) days after the later of (a) the Effective Date; and (b) the date a Claim is filed with the Bankruptcy Court and served on counsel for the Debtors.  The Debtors may, by motion to the Bankruptcy Court extend the deadline to object to Claims.

9

(v)     *Setoff and Recoupment.*  Except as otherwise provided by this Plan, the Debtors may, but shall not be required to set off or recoup against any Allowed Claim and the Distributions to be made pursuant to the Plan on account of such Claim, claims of any nature that the Debtors may have against the holder of such Allowed Claim; *provided however,* that neither the failure to effect such setoff or recoupment nor the allowance of any Claim against the Debtors shall constitute an waiver or release by the Debtors of any claim that either of the Debtors may possess against the holder.

## ARTICLE VIII
## EXECUTORY CONTRACTS

Except for Executory Contracts which are the subject of a motion to assume, all Executory Contracts shall be rejected as of the Effective Date and any claim for rejection damages shall be treated as a Class 3 Claim.  Debtors do not believe there are any Executory Contracts.

## ARTICLE IX
## ADMINISTRATIVE PROVISIONS

9.01    *Retention of Jurisdiction.*  Notwithstanding confirmation of the Plan or occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction for the following purposes, without limitation:

A.      Determination of the Allowability of Claims against, or the administrative expenses of the Debtors and the validity, extent, and priority of consensual and nonconsensual Liens and other encumbrances;

B.      Determination of the Debtors' tax liability pursuant to Section 505 of the Bankruptcy Code;

C.      Approval, pursuant to Section 365 of the Bankruptcy Code, of all matters related to the assumption of any Executory Contract or unexpired lease of the Debtors;

D.      Resolution of controversies and disputes regarding the enforcement or interpretation of the Plan, the Confirmation Order, or the Bankruptcy Court's orders that survive confirmation of the Plan pursuant to the Plan or other applicable law;

E.      Resolution of controversies and disputes relating to the granting of a deed of trust on or the sale of  the Poland Road Property as set forth in section 4.05 of this Plan;

F.      Modification of the Plan pursuant to Section 1127 of the Bankruptcy Code;

G.      Commencement and adjudication of any Causes of Action that arose prior to the Confirmation Date or in connection with the implementation of the Plan and other actions against third parties brought or to be brought by the Debtors;

H.      Entry of a Final Order closing the Chapter 11 Case;

I.      Resolution of disputes concerning Disputed Claims;

J.      Resolution of any disputes concerning whether an Entity had sufficient notice of, among other things, (i) the Chapter 11 Case; (ii) the Bar Dates, the Administrative Bar Date; (iii) the hearing on the approval of the Disclosure Statement as containing adequate information; or (iv) the hearing on confirmation of the Plan for the purposes of determining whether a Claim is discharged hereunder;

K.      Issuance of injunctions, grant and implementation of other orders, or taking such other actions as may be necessary or appropriate to restrain interference by any Entity with consummation or enforcement of the Plan;

L.      Correction of any defect, cure of any omission or reconciliation of any inconsistency in the Plan, the Confirmation Order, or any other documents relating to the Plan, as may be necessary to carry out the purposes or intent of the Plan;

M.      Adjudication of any pending adversary proceeding, or other controversy or dispute, in the Chapter 11 Case, which arose pre-confirmation and over which the Bankruptcy Court had jurisdiction prior to confirmation of the Plan;

N.      Entry and implementation of such orders as may become necessary or appropriate if the Confirmation Order is for any reason modified, stayed, reserved, revoked, or vacated;

O.      Resolution of Claims arising under Section 503(b) of the Bankruptcy Code;

P.      *Plan Modification*.  The Debtors may withdraw the Plan at any time prior to the Confirmation Date.

Q.      *Severability*.  Should any provision in the Plan be determined to be unenforceable following the Confirmation Date, such determination shall in no way limit or affect the enforceability and operative effect of any and all other provisions of the Plan, so long as the modified Plan satisfies the requirements of the Bankruptcy Code, including, without limitation, Section 1127 of the Bankruptcy Code.

R.   *Governing Law.*  Except to the extent the Bankruptcy Code, the Bankruptcy Rules, or other federal laws apply, or as otherwise expressly provided in the Plan, the rights and obligations arising under the Plan shall be governed by the laws of the Commonwealth of Virginia without giving effect to principles of conflicts of law.

S.   *Applicability of Section 1125 of the Bankruptcy Code.*   The protection afforded by Section 1125(e) of the Bankruptcy Code with regard to solicitation of acceptances or rejections of the Plan shall apply to the fullest extent provided by law.

T.   *Payment of Statutory Fees.*  All fees payable pursuant to 28 U.S.C. Section 1930 due and payable through the Effective Date shall be paid by the Debtors The Administrative Bar Date shall not apply to fees payable pursuant to Section 1930 of Title 28 of the United States Code.

U.   *Continuation of Injunctions and Stays.*  Unless otherwise provided, all injunctions or stays ordered in the Chapter 11 Case, pursuant to Section 105 of the Bankruptcy Code or otherwise, and extant on the Confirmation Date shall remain in full force and effect unless or until subsequently modified or terminated.

V.   *Notices.*  Any notice required or permitted to be provided under this Plan shall be in writing and served by either (i) certified mail, return receipt requested, postage prepaid, (ii) hand delivery, or (iii) reputable overnight delivery service, freight prepaid, to be addressed as follows:

|  |  |
|---|---|
| To the Debtor: | Ganess and Vena Maharaj<br>25872 Poland Road<br>Chantilly, VA 20152 |
| With a copy to: | Ann E. Schmitt<br>Culbert & Schmitt, PLLC<br>30C Catoctin Circle, SE<br>Leesburg, VA 20176 |
| To Creditors: | At the address set forth in the proof of claim<br>or if no proof of claim is filed, in the Debtors'<br>Schedules. |

W.   *Interpretation.*   The words "herein," "hereof," "hereto," "hereunder," and others of similar inference refer to the Plan as a whole and not to any particular section, subsection, or clause contained in the Plan unless otherwise specified herein.  Except for the rule contained in Section 102(5) of the Bankruptcy Code, the rules of construction contained in Section 102 of the Bankruptcy Code shall apply to the Plan. The headings in the Plan are only for convenience of reference and shall not limit or otherwise affect the provisions of the Plan.  A term used herein or elsewhere in the Plan that is not defined herein shall have the meaning ascribed to that term, if any, in the Bankruptcy Code or Bankruptcy Rules.  To the extent there is an inconsistency between

any of the express provisions of the Plan and the Disclosure Statement, the express provision of this Plan shall govern.

13

GANESS AND VENA MAHARAJ
By Counsel:


*/s/ Ann E. Schmitt*
Ann E. Schmitt, VSB # 22030
Culbert & Schmitt, PLLC
30C Catoctin Circle, SE
Leesburg, Virginia 20175
(703) 737-6377
aschmitt@culbert-schmitt.com

14