UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re: )
 )
   GANESS MAHARAJ ) Case No. 09-15777-SSM
   VENA MAHARAJ ) Chapter 11
 )
          Debtors )

**CERTIFICATION FOR DIRECT APPEAL UNDER 28 U.S.C. § 158(d)**

The court, on its own motion, hereby certifies the order of May 9, 2011, denying confirmation of the debtors' plan, for direct appeal to the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 158(d) and states that the following ground for direct appeal exists:

> [T]he judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or the Supreme Court . . ., or involves a matter of public importance[.]

28 U.S.C. § 158(d)(2)(A)(i). A timely notice of appeal and motion for leave to appeal[1] were filed on May 23, 2011.

As set forth in the memorandum opinion filed with order denying confirmation, *In re Maharaj*, 2011 WL 1753795, 2011 Bankr. LEXIS 1748 (Bankr. E.D. Va., May 9, 2011), confirmation of the plan was denied on the ground that the plan, which was not accepted by the class of general unsecured creditors, failed to satisfy the "absolute priority rule" in 11 U.S.C. §

---

[1] The motion for leave to appeal is required because the order denying confirmation is not a final order. *See In re Massey*, 21 Fed. Appx. 113 (4th Cir. 2001) (holding that order denying confirmation of a plan that does not also dismiss the case is not a final order for purpose of appeal).

1129(b)(2)(B)(ii) because the debtors were retaining non-exempt property while the unsecured creditors were being paid less than two cents on the dollar over five years.

A number of bankruptcy courts around the country have held that the statutory changes made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109-8, 119 Stat. 23 ("BAPCPA") to chapter 11 cases filed by individuals effectively eliminated the absolute priority rule for individual debtors. *Id*. at *7. Other bankruptcy courts—including one within the Fourth Circuit—have read the changes more narrowly to exclude from operation of the absolute priority rule only the post-petition earnings and acquisitions brought into the bankruptcy estate by 11 U.S.C. § 1115. *Id.* No court of appeals has yet ruled on the issue, and of course the Supreme Court has yet to address it. The number of chapter 11 cases filed by individuals is growing, and the issue presented in this case is likely to recur with considerable frequency, making it one of considerable public importance. Authoritative resolution of this issue at the court of appeals level will therefore promote the public interest by providing a needed level of certainty to creditors and debtors, not only within the Fourth Circuit, but nationwide to the extent courts in other circuits are persuaded by the ruling, or the Supreme Court chooses to review it.

Date: _____          _____
                                      Stephen S. Mitchell
Alexandria, Virginia                  United States Bankruptcy Judge

Copies to:

Ganess Maharaj
Vena Maharaj
25872 Poland Road
Chantilly, VA 20152
Debtors

Ann E. Schmitt, Esquire
Culbert & Schmitt, PLLC
30C Catoctin Circle SE
Leesburg, VA 20175
Counsel for the debtors

Kelly Gring, Esquire
1601 Rolling Hills Drive
Suite 125, Surry Building
Richmond, VA  23229
Counsel for DB Structured Products

Martha L. Davis, Esquire
Office of the United States Trustee
115 South Union Street, Suite 210
Alexandria, VA  22314